**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50562 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-03431-WQH-1 |
| v. | |
| MORGAN GONZALEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted October 4, 2010[**]
Pasadena, California

Before: PREGERSON, D.W. NELSON and IKUTA, Circuit Judges.

Appellant Morgan Gonzalez ("Gonzalez") appeals the district court's order

denying his motion to dismiss the indictment for attempted reentry by a deported

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alien. We have jurisdiction under 28 U.S.C. § 1291 and, finding no error, affirm the district court's judgment.

We reviews "a denial of a motion to dismiss an 8 U.S.C. § 1326 indictment de novo when the motion is based upon an alleged due process defect in the underlying deportation proceeding." *United States v. Pallares-Galan*, 359 F.3d 1088, 1094 (9th Cir. 2004) (citing *United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001)). The district court's factual findings are reviewed for clear error. *United States v. Marguet-Pillado*, 560 F.3d 1078, 1081 (9th Cir. 2009).

In the criminal proceedings at the district court, Gonzalez sought to attack his underlying removal order collaterally pursuant to 8 U.S.C. § 1326(d). To prevail on a collateral attack of his removal order, Gonzalez must establish (1) that he exhausted any available administrative remedies available to seek relief from the removal order, (2) that the deportation proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the removal order was "fundamentally unfair." 8 U.S.C. § 1326(d). A removal order is "fundamentally unfair" if (1) a defendant's due process rights were violated by defects in the underlying deportation proceedings, and (2) he suffered prejudice as a result of those defects. *United States v. Ubaldo-Figueroa*,

364 F.3d 1042, 1048 (9th Cir. 2004) (quoting *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998)).

Gonzalez argued that he met the requirements of a collateral attack under Section 1326 by showing ineffective assistance of counsel at the removal proceedings. The district court properly concluded that Gonzalez could not establish ineffective assistance of counsel.

"Litigants in removal proceedings have no Sixth Amendment right to counsel; their counsel can, however, be so ineffective as to deprive them of their Fifth Amendment right to due process of law." *Nehad v. Mukasey*, 535 F.3d 962, 967 (9th Cir. 2008) (citing *Blanco v. Mukasey*, 518 F.3d 714, 722 (9th Cir. 2008)). In this context, ineffective assistance of counsel amounts to a violation of due process if "'the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case.'" *Id.* (quoting *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005)). The two elements of an ineffective assistance of counsel claim here are (1) that counsel's performance was deficient and (2) that counsel's deficiency caused prejudice. *Id.* (citing *Mohammed*, 400 F.3d at 793-94).

Gonzalez argues that his counsel in the immigration proceedings was ineffective because he did not advance a claim of derivative citizenship based upon

3

8 U.S.C. § 1432, which was in effect prior to the Child Citizenship Act of 2000 and is the statutory provision relevant here. Section 1432(a) provided that a child born to alien parents outside the United States automatically became a citizen of the United States if the following conditions were met:

> (1) The naturalization of both parents; or
>
> (2) The naturalization of the surviving parent if one of the parents is deceased; or
>
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if
>
> (4) Such naturalization takes place while such child is unmarried and under the age of eighteen; and
>
> (5) Such child is residing in the United States pursuant to lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1432(a). Accordingly, to obtain citizenship under this statute, an individual must establish one of the first three requirements. Gonzalez fails to do so.

4

Gonzalez concedes that neither subsection (a)(1) nor (a)(2) is applicable in this case. Only Gonzalez's father is a naturalized citizen, and his mother is not deceased. Gonzalez urges us to consider his derivative citizenship under subsection (a)(3), arguing that he should qualify because his father had sole custody of him at the time of the naturalization. This argument fails. Subsection (a)(3) provides two avenues for citizenship. The first avenue requires that the naturalized parent have legal custody of a child when there has been a legal separation of the parents. Gonzalez may not claim citizenship under this approach because his parents were not married and therefore could not legally separate. *Barthelemy v. Ashcroft*, 329 F.3d 1062, 1065 (9th Cir. 2003) ("Based on our review of the statute and case law, and using the usual meanings of the statutory terms, we hold that Barthelemy does not enjoy derivative citizenship under the first clause of [subsection (3)] because his natural parents never married and thus could not *legally* separate.") (emphasis in original) (citations omitted). The second avenue allows citizenship where only the mother has naturalized, if the child is born out of wedlock and the paternity of the child has not been established by legitimation. This approach is foreclosed to Gonzalez for two reasons: his mother never naturalized and he was legitimated.

Gonzalez argues, nevertheless, that subsection (a)(3) is unconstitutional because it allows only unwed mothers, not unwed fathers, to pass on citizenship to their children. Under our decision in *Barthelemy*, Gonzalez has no equal protection claim. The *Barthelemy* court found specifically that subsection (a)(3) does not discriminate on the basis of sex where a child is legitimated, because in that case, neither the child's father *nor* mother could pass citizenship onto a child unless both parents naturalized, one parent had died, or the parents legally separated and the naturalized parent retained legal custody of the child. 329 F.3d at 1067-68. In this case, it is undisputed that Gonzalez has been legitimated and thus he cannot sustain a gender-based equal protection claim.[1] Gonzalez provides us with no compelling reason to reconsider *Barthelemy*.

Thus, even if Gonzalez's counsel had argued for derivative citizenship under Section 1432(a), such a claim would have failed because Gonzalez is categorically ineligible for citizenship under the statute. Gonzalez therefore fails to prove the second prong of an ineffective assistance claim, which requires a showing that

---

[1] This Court likewise rejected the equal protection argument that the law impermissibly imposes different "legitimation" standards on unmarried fathers, finding such an argument to be foreclosed by the Supreme Court's decision in *Nguyen v. INS*, 533 U.S. 53, 62–68 (2001) (finding that the government has an important interest in requiring the father to prove paternity before citizenship may attach to his child).

counsel's deficiency caused prejudice. Accordingly, Gonzalez fails to establish the "fundamentally unfair" prong of a Section 1326 collateral attack because he cannot show that his due process rights were violated, or that he suffered any prejudice. The district court properly denied Gonzalez's motion to dismiss the indictment.

**AFFIRMED.**